Oveeton, J.
 

 delivered the following opinion of the Court: —
 

 The defendants oppose the claim of the plaintiff on grounds of fact as well as law.
 

 1. It is insisted that there is not sufficient proof of the purchase of the warrant No. 68, or payment of the consideration; and if this, were, proved the assignment is made by Crutcher after Tulloch’s death, and therefore void.
 

 2. There is not satisfactory proof of a mistake as alleged.
 

 3. But the article of copartnership does not confer on Crutcher the power to sell warrants.
 

 4. Nor does Montflorence’s consent to the sale appear.
 

 5. If there was such mistake as is alleged, this Court possesses no ground of jurisdiction on which it can examine into the affair.'
 

 
 *337
 
 6. The demand is a stale one and ought not to be encouraged.
 

 7. The statute of limitations bars the claim.
 

 On the first point, the Court is satisfied that Mayfield did purchase the warrant of Crutcher before the entry was made, — that Mayfield made that entry for his own benefit, —that the consideration was paid, and that a mistake took place in returning the plat of survey as charged in the bill. It is, however, insisted that this Court cannot, consistently with the principles of equity, take cognizance of this part of the case; and for this purpose Tenn. Rep. 15 and 402 have been relied on. There is no doubt with the Court but that the grant to Mayfield vested the legal title in him. Whether in opposing the claim on Brown’s grant in a court of law that court would examine the statement of the party, with a view to ascertain a mistake, it is not necessary to decide; for it cannot be disputed that equity has jurisdiction in relieving against mistakes in deeds. Nor do the cases referred to from Tennessee Reports in the least degree weaken this position. Equitjq then, having jurisdiction, either concurrent or exclusive, for as respects this case the effect is the same, the Court has carefully examined and considered the pi’oofs, and find no difficulty in saying that the plaintiff’s bill is supported in this respect. Tulloch died in January, 1785: the Court deems it useless to inquire whether Crutcher was competent to make an assignment of the warrant after Tulloch’s death on the mercantile idea of survivorship in copartnerships, the plaintiff’s case being sustainable on another ground. Crutcher, by the article of agreement, had an authority to sell this warrant in July, 1785, when it was sold to Mayfield, though not assigned then. From that time equity considers Mayfield the real owner of the warrant. - Crutcher, after the receipt of the consideration, ought immediately to have assigned the warrant. This Court considers a thing as done, which by agreement was to have been ¡rerformed. It is no objection of weight that Crutcher did not sign these articles until after the warrant was sold. It was not expected that all the parties could sign at the same time. Those who executed were then in North Carolina, and Crutcher here, many hundred miles apart. Montflorenc'e’s assent to the sale sufficiently appears, first by the articles of copartnership; by his knowledge of the fact; his residence in this country from 1784 until 1798, without making any complaint, and other circumstances detailed in proof altogether forming an irresistible aggregate of testimony.
 

 An objection for want of jurisdiction being at all times entitled to the most attentive consideration, it may not be amiss to distinguish this case from those cited in relation to mistakes.
 

 To impeach a matter of record upon the ground of parol proof alone, is a question which would certainly not be entertained in a court of law whatever might be done in a court of equity; but this is not such a case. It appears evident from record, that the warrant No. 68 should have been re
 
 *338
 
 turned with Mayfield’s plat instead of warrant No. 641. The entry on warrant No. 68 is for the same land, and no entry appears for this land on the other warrant. By law and usage the warrant entered should have been surveyed and returned; it is a fair and legal presumption that it was intended. No. 641 had never been assigned at all; this has to Mayfield. Of record, therefore, the mistake appears.
 

 The last proposition to be considered is the statute of limitations.
 

 It is not pretended at the bar that the possessory limitation of seven years applies.
 

 The question relates to the plaintiff and not the defendant. It is assumed in argument that the plaintiff should have brought his action within three years; or, as insisted by the defendants, that the plaintiff should show that the fraud was discovered within three years; citing in support thereof, 2 Kyd’s Ed. Com. Dig. 268; 1 Har. Pr. Ch. 267, 8; 3 P. Wms. 143.
 

 In opposition various attitudes have been taken by the plaintiff.
 

 1. There was no time from which the statute could be made to run except from the survey of Brown’s claim (13th August, 1807), or date of his grant, 17th February, 1808. As the warrant No. 68 was entered and put into the office on the 31st J.uly, 1784, the law will presume it remained there in the keeping of the proper officer until it passed into a grant, and against this presumption no evidence can be received. The suit was commenced on the 17th March, 1810, so that three years had not elapsed from the time of the survey; whilst the warrant remained in the custody of the law or the hands of the surveyor in his office, an action of trover and conversion could not have been brought at law. As there was no injury to the complainant until a grant issued to Brown, there existed no ground on which he could commence an action at law or in equity. The statute cannot begin to run until there is a cause of action. The complainant having the le-ral title he was not affected until Brown obtained a grant, which, together with the entry to which it was united, enabled him
 
 to
 
 defeat the complainant’s claim. Under all the circumstances of this case, the Court deems this reasoning correct as to the time at which the cause of action arose. See 1 Call, 198, 429 ; Sch. & Lef. 413, 425.
 

 But the statute does not apply on another ground; that Mayfield, the son and complainant, did not arrive at age until within three years before the action was brought; though there were other heirs who had attained full age, and who had parted with their interests to the complainant before the statute attached. See Hardin’s Rep. 366.
 

 The Court cannot see any force in the objection that this is a stale demand.
 

 The complainant must, therefore, have a decree.